CAMPEAU GOODSELL SMITH, L.C.
SCOTT L. GOODSELL, #122223
WILLIAM J. HEALY, #146158
440 N. 1st Street, Suite 100
San Jose, California   95112
Telephone:   (408) 295-9555
Facsimile:   (408) 295-6606

ATTORNEYS FOR
Milestone Financial LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

In re:

LILIA CHAVEZ,

    Debtor.

Case No. 17-51958

CHAPTER 13

**SUPPLEMENTAL DECLARATION OF WILLIAM J. HEALY RE: MOTION FOR RELIEF FROM AUTOMATIC STAY**

**CGS-001**

Date:  November 3, 2017
Time: 10:00 a.m.
Location:
 United States Bankruptcy Court
 Courtroom 3020
 280 S. First Street
 San Jose, CA 95113

Judge: Honorable M. Elaine Hammond

I, William J. Healy, do hereby declare:

1. I am an attorney at law duly licensed to practice before all the courts of the State of California, several district and divisions of the District Courts in and for the State of California, including this court, and a member of the law firm of Campeau Goodsell Smith, attorneys herein for secured creditor Milestone Financial LLC ("Secured Creditor" or "Moving Party").

2. I make this declaration of my own personal knowledge based on my handling of this

SUPPLEMENTAL DECLARATION OF WILLIAM J. HEALY RE: MOTION FOR RELIEF FROM AUTOMATIC STAY

matter, including review of the court docket and related pleadings, review of materials providing by this firm's client(s) and other counsel and/or parties, review of various public records, attendance at court hearings related to this matter, and communications with counsel, parties, and related third parties as applicable and except for those matters based on information and belief and as to those matters I am informed and believe them to be true. If called to testify as to the matters stated herein I would do so in an honest and competent manner. I do not intend to waive any privileges, including the attorney client and work product privileges by way of this declaration.

3. I prepared the accompanying MOTION FOR RELIEF FROM AUTOMATIC STAY ("Motion") and associated pleadings and to the best of my knowledge, the information contained therein is true and correct.

4. On several occasions I have asked Debtor, through her counsel and in writing, for information relating to the Motion and a Motion to Dismiss, including October 11th (accounting of all post-petition income, ongoing monthly payments in the form of adequate protection payments, confirmation the properties are insured, confirmation post-petition real property taxes are paid, confirmation the 'red tags' have been removed), October 12th (evidence of insurance on the subject properties), October 13th (confirmation that the various 'red tags' from the city/county have been removed), and October 19th (confirmation the 'red tags' have been removed from the properties by the city/county and accounting of all post-petition rental income on these 4 properties, including associated expenses, per property).

5. As of the date of this declaration Debtor has **not** provided:

(a) an accounting of all post-petition income, ongoing monthly payments in the form of adequate protection payments;

(b) confirmation the 'red tags' have been removed; and

(c) confirmation post-petition real property taxes are paid[1].

---

[1] On October 19th I reviewed the County Tax Assessor's records and it appears pre-petition real
(continued...)

**SUPPLEMENTAL DECLARATION OF WILLIAM J. HEALY RE: MOTION FOR RELIEF FROM AUTOMATIC STAY**

2

6. On October 17th Debtor did provide certificates of insurance for the various properties (See Exhibit A). However, the insurance reflected in those certificates was **not** in compliance with the Agreement To Obtain and Maintain Property Insurance (See Exhibit B) with respect to (at least):

    \*requirement to name the lender as an additional insured;

    \*general liability limits;

    \*amount of deductible; and

    \*requirement regarding notice to the lender.

7. The insurance, as indicated in the certificates of insurance provided by Debtor, is insufficient to protect Secured Creditor's collateral, specifically the properties, in case of a fire or other loss. Here is a summary of the market value and insurance limits for each property based on the values included in the Motion For Relief From Automatic Stay and the Agreement To Obtain and Maintain Property Insurance:

| **Property** | **Market Value** | **Insurance Coverage Limit** |
| --- | --- | --- |
| 1004 Panama | $150,000 | $143,000 |
| 1206 Figaro | $150,000 | $125,000 |
| 322 Pine | $125,000 | $100,000 |
| 1324 Ritsch | $150,000 | $109,000 |

8. Secured Creditor is substantially exposed in case of a fire or other loss to its collateral due to the insufficient insurance.

9. Secured Creditor is substantially exposed due to Debtor's failure to have Secured Creditor listed as an additional insured on each insurance policy as required by the Agreement To Obtain and

---

[1](...continued)
property taxes are current and additional real property taxes are due on each and all of the properties no later than December 10th.

Maintain Property Insurance----Debtor has already demonstrated, pre-petition and post-petition, that she will take and use collateral notwithstanding the terms of her agreements with Secured Creditor or obligations imposed by the bankruptcy and this court.

10. As of the date of this declaration Debtor has not been granted permission or received consent to use Secured Creditor's collateral, i.e. rents. On September 25, 2017 Secured Creditor filed and served a Notice of Security Agreement and of Non-Consent to Use of Cash Collateral (Doc#25). However, Debtor has continued to use Secured Creditor's collateral without consent or an order and for purposes wholly unrelated to the properties/collateral. Debtor testified to such at the Meeting of Creditors held on October 2, 201 (which I attended).

11. As of October 18 and 25, 2017, as informed by Secured Creditor, Debtor had not made any post-petition payments. As of the date of this declaration I am unaware of any post-petition payment(s) from Debtor to Secured Creditor.

12. Secured Creditor's debt, based on an extension of the Motion and associated evidence, Debtor's own schedules, and the passage of time, is approximately $509,000 as of October 27, 2017 (per diem $181.0525), plus costs and attorney's fees to be determined. Based on the market values submitted in the Motion, the debt to equity ratio is, as of October 27, 2017, approximately 88.52% ($509,000/$575,000).

13. Pursuant to 11 U.S.C. 362 (e)(1) an order confirming relief from stay is in order.

14. Pursuant to 11 U.S.C. 362 (g) Moving Party satisfied its burden of proof relative to equity and Debtor has filed to satisfy his/her/its burden on proof on all other issues.

15. As of October 25, 2017, as informed by Secured Creditor and confirmed by my own online research, Debtor has not listed any of the properties serving as Debtor's collateral for sale.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and executed this 30th day of October 2017 in San Jose, California.

/s/ William J. Healy
William J. Healy

**SUPPLEMENTAL DECLARATION OF WILLIAM J. HEALY RE: MOTION FOR RELIEF FROM AUTOMATIC STAY**
4
Case: 17-51958    Doc# 57    Filed: 10/30/17    Entered: 10/30/17 10:22:04    Page 4 of 4