CAMPEAU GOODSELL SMITH, L.C.
WILLIAM J. HEALY, #146158
440 N. 1st Street, Suite 100
San Jose, California   95112
Telephone:  (408) 295-9555
Facsimile:  (408) 295-6606

ATTORNEYS FOR
Milestone Financial LLC

The following constitutes
the order of the court. Signed November 7, 2017

_____
M. Elaine Hammond
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

San Jose Division

In re:

LILIA CHAVEZ,

                Debtor.

Case No.  17-51958

CHAPTER 13

**ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY AND FOR ADEQUATE PROTECTION**

**CGS-001**

Date:  November 3, 2017
Time: 10:00 a.m.
Location:
   United States Bankruptcy Court
   Courtroom 3020
   280 S. First Street
   San Jose, CA 95113

Judge: Honorable M. Elaine Hammond

The Court, having read and considered the motion of Secured Creditor Milestone Financial LLC ("Milestone", "Secured Creditor", or "Moving Party") for relief from the automatic stay against the debtor Lilia Chavez ("Debtor"), Debtor's bankruptcy estate, and the Properties (defined below), and as applicable against non-borrower Debtor's spouse Dennis Chavez Jr., so Secured Creditor may proceed under nonbankruptcy law to enforce its rights and remedies, including

foreclosure and possession, relative to four real properties located in the City of Modesto, County of Stanislaus, State of California --- 1004 Panama (APN 030-015-029), 1206 Figaro (APN 037-032-016), 322 Pine (APN 101-006-081), and 1324 Ritsch (APN 037-004-025) (jointly "Properties"), a February 17, 2015 Promissory Note ("Note") in the principal amount of $325,000 ("Note"), and a subsequently recorded February 17, 2015 Deed of Trust, Security Agreement and Fixture Filing With Assignment of Rents and Proceeds With Assignment of Rents ("DOT"), and for a waiver of the provisions of Rule 4001 of the Federal Rules of Bankruptcy Procedure ("Motion"), having conducted a preliminary hearing and a hearing on the Motion, having noted on the record the appearances of counsel for the Debtor and counsel for Moving Party, and having found good cause, does, for the reasons stated on the record, grant the Motion.

Therefore, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The Motion is granted;

2. Relief from stay is granted pursuant to 11 U.S.C. 105, 362 (d)(1), (2)(A) and (B), 362 (e)(1), and 362 (f) as set forth in the Motion.

3. Relief from stay is stayed until close of business (5:00 p.m. PST) on January 2, 2018 on the conditions that:

    a) Debtor make adequate protection payments to Moving Party, through its counsel at 440 N. 1st St., #100, San Jose, CA 95112 or as otherwise directed, as follows:

        (1) $3,200 for the month of October 2017 to be received by Moving Party by close of business (5:00 p.m. PST) on November 3, 2017;

        (2) $3,200 for the month of November 2017 to be received by Moving Party by close of business (5:00 p.m. PST) on November 3, 2017,

        (3) $3,200 for the month of December 2017 to be received by Moving Party by close of business on December 1, 2017 (5:00 p.m. PST);

    b) Debtor timely perform all of their obligations under the Note and DOT as they come due, including, but not limited to, the payment of real estate taxes, maintaining insurance coverage, and compliance with applicable county and city

codes and ordinances relative to the Properties; and

c) Debtor shall provide written evidence of the payment of real estate taxes within five (5) calendar days of their due date, of applicable insurance on the Properties pursuant to the Note, Deed of Trust, and Agreement To Obtain and Maintain Property Insurance within five (5) calendar days of entry of this order, and of the status of compliance with applicable county and city codes and ordinances relative to the Properties on a monthly basis by the 12th calendar day of the month starting immediately;

d) Debtor shall provide Moving Party with an accounting of the rents, issues and profits of the Properties on a monthly basis by the 12th calendar day of the month starting immediately;

4. In the event Debtor fails to timely perform any of the obligations set forth herein then Moving Party shall notify Debtor's counsel of the default in writing, Debtor shall have five (5) business days from the date of the written notification to cure the default, if Debtor defaults on any of the obligations set forth herein Moving Party may lodge a Declaration and Order Terminating the Automatic Stay, and the Order shall be entered without further hearing, the stay set forth in paragraph 3 shall be immediately terminated and extinguished for all purposes as to Moving Party, and Moving Party may proceed under nonbankruptcy law to enforce its rights and remedies, including foreclosure, possession, and unlawful detainer, relative to the Note, DOT, and/or Properties;

5. The monthly payments listed in Paragraph 3 hereinabove may be less than the contractual amount owed pursuant to the Note and DOT. Moving Party's acceptance of late or partial payment shall not act as a waiver of Moving Party's rights to proceed hereunder and/or its rights to the complete contractual payment as determined by the Note and DOT;

6. This order shall be binding and effective and shall supercede any subsequently entered order confirming a plan of reorganization, conversion, and/or dismissal of the case; and

7. The provisions of Rule 4001 (a)(3) of Federal Rules of Bankruptcy Procedure are

waived and as applicable the 7-day waiting period provided for in California Civil Code §2924g(d) Cal.Civ.Code is waived.

8. This order serves a permission to use Moving Party's cash collateral, specifically rental income, through January 2, 2018 for purposes of paying Moving Party and with respect to the Properties paying real property taxes, paying insurance, and addressing compliance with applicable county and city codes and ordinances, including existing red tags.

**APPROVED AS TO FORM:**

SEABROOK LAW OFFICES

By: __/s/ Paul Seabrook__
Paul Seabrook
Attorney For Debtor
Dated: November 6, 2017

***END OF ORDER***

COURT SERVICE LIST

All ECF Recipients