SCHEER LAW GROUP, LLP
SPENCER P. SCHEER #107750
JOSHUA L. SCHEER #242722
REILLY D. WILKINSON #250086
JONATHAN SEIGEL #168224
155 N. Redwood, Suite 100
San Rafael, CA 94903
Telephone: (415) 491-8900
Facsimile: (415) 491-8910
BSI.100-1015S

Attorneys for Secured Creditor
CIVIC HOLDINGS I TRUST, its successors and/or assignees

UNITED STATES BANKRUPTCY COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: | Bk. No. 17-51958-MEH |
| LILIA CHAVEZ aka LILY CHAVEZ aka LILIA ISABEL CHAVEZ, | Chapter 13 |
| Debtor. | **OBJECTIONS TO CONFIRMATION OF FIRST AMENDED PLAN** |

CIVIC HOLDINGS I TRUST, its successors and/or assignees in interest ("**Lender**"), secured creditor of the above-named Debtor, hereby submits these Objections to the Debtor's First Amended Chapter 13 Plan ("**Plan**"). These Objections are based on the pleadings and records on file in this matter and the following memorandum. Lender also requests that the Court take Judicial Notice of certain documents of public record and on file with this Court in accordance with Federal Rule of Evidence 201, including, but not limited to Debtor's First Amended Chapter 13 Plan, Schedules, and Lender's Proof of Claim.

**I. INTRODUCTION**

Debtor owes Lender $2,509.92 in pre-petition arrears. However, the Debtor not proposed to make any payments to Lender on arrears. Further, Lender's loan matures on December 1, 2017 and the balance of the loan as of the date of filing is $189,515.77. However, Debtor has

1

failed to account for the maturity of the loan. Debtor's disposable monthly income is $555.00. Accordingly, the Plan is infeasible and is an impermissible modification of claim.

## II. FACTS

1. Lender is the current payee of a Promissory Note dated November 29, 2016 in the principal amount of $186,150.00 (the "**Note**") secured by a First Deed of Trust of same date, which bears interest as specified therein. The indebtedness evidenced by the Note is secured by a Deed of Trust executed and recorded in Stanislaus County and which encumbers the real property located at 502 Maze Boulevard, Modesto, CA (the "**Property**"), the Debtor's residence [*See* Lender's Proof of Claim, Claim No.4-1.]

2. On August 16, 2017, Debtor filed a Petition under Chapter 13 of the Bankruptcy Code, No. 17-51958. Debtor filed a First Amended Chapter 13 Plan on October 12, 2017 that does not correctly list Lender's claim. Debtor owe $2,590.92 in pre-petition arrears ("**Arrears**") to Lender. [*See* Lender's Proof of Claim, Claim No. 4-1.] In addition, Lender's loan matures on December 1, 2017. [See the Deed of Trust attached to Lender's Proof of Claim, No. 4-1.]

3. Debtor list Lender's claim in Class 4, providing for ongoing payments to be made on Lender's claim by making monthly payments of $1,846.00.

4. According to Debtor's Schedules, Debtor ha $555.00 in disposable income available towards a Chapter 13 Plan payment [*See* Schedule J.] Debtor has not provided a statement showing her receipts and expenses. Debtor has proposed payments of $500.00 each month for 12 months and $2,500 for the remaining 48 months of the Plan [*See* Plan, Page 1].

## III. OBJECTIONS

**Infeasible Plan in Violation of 11 U.S.C. § 1325(a)(6) and Non-Acceptance by Lender of treatment in Violation of 11 U.S.C. § 1325(a)(5).**

Given the claim of Lender which must be paid under the Plan, Debtor's Plan is infeasible and in violation of 11 U.S.C. § 1325(a)(6).

A. Debtor Lists Understated Arrears in the Plan

Debtor has not proposed to pay any arrears owing to Lender in her Plan. Lender is owed $2,590.92 for Arrears, consisting of pre-petition payments and late charges as of the date of the petition. The failure to properly list Lender's claim makes the Plan infeasible.

### B. Loan Matures on December 1, 2017

Lender's loan matures on December 1, 2017. Debtor has proposed a 60-month plan. Lender objects to any plan for repayment which extends the maturity date on its loan. In the event that this Court allows modification of Lender's right to receive full payment of its loan in accordance with the subject Promissory Note, the Debtor's Plan must provide for full payment of Lender's entire claim over the length of the Plan with market rate of interest. See In re James Jones, 188 B.R. 281 (Bankr. D. OR. 1995). See also In re Barnes, 32 F.3d (9th Cir. 1994) (requiring payment of the claim over the life of the plan in accordance with 11 U.S.C. § 1325(a)(5)(B)(ii))(emphasis added).

Even if Debtor was to amend the Plan to provide for equal payments in the Plan in order to pay the entire claim over the length of the Plan as required, the Plan would be infeasible. The Debtor has not shown that she has sufficient means to fund the increased payments that would be due under the Plan which would include a market rate of interest on Lender's claim. As a result, the Plan is in violation of 11 U.S.C. § 1325(a)(6) as the Debtor will not be able to make all payments under the Plan as required.

### B. Debtor Lack's Income to Fund the Plan

Debtor's own Schedules clearly show that she cannot make the payments required to pay the Arrears in full even as originally proposed. Debtor's Schedules show disposable income of $555.00. However, the Debtor proposes monthly payments of $500.00 for 12 months and then payments of $2,500.00 for the remaining 48 months of the Plan. Confirmation of the Plan is simply not possible with Debtor's income and expenses in light of the fact that Lender's claim was not correctly listed so an increased payment amount would be required. Even if the Plan were to be amended to include Lender's full claim and arrears, Debtor have not shown that she has the ability to make the ongoing payments.

### D. Debtor's Plan is Speculative

The Plan provides that the Debtor will liquidate one of her interests in the Real Estate owned to fund the Plan in month 12, in which she proposes to make a lump sum payment of $105,000.00. Pursuant to the terms of Debtor's proposed Plan, Lender cannot be assured of receiving payment in a specified time period, if at all. Case law has consistently held that these types of plans are unenforceable. See In re Gavia 24 B.R. 573, 575 (9th Cir. BAP 1982).

## IV. CONCLUSION

This Bankruptcy and Plan appear to be filed without a legitimate attempt to reorganize and is infeasible as proposed. Wherefore, Lender prays that Debtor's Plan not be confirmed and that these proceedings be dismissed.

SCHEER LAW GROUP, LLP

DATED: November 9, 2017

/s/REILLY D. WILKINSON
#250086

# **SPECIAL NOTICE**

THE FOLLOWING NOTICE IS GIVEN TO YOU IN THE EVENT THAT THE FEDERAL FAIR DEBT COLLECTIONS ACT APPLIES TO THIS COMMUNICATION.

The following statement provides you with notice of certain rights which you may have by law. <u>Nothing in this statement modifies or changes the hearing date or response time specified in the attached documents</u> or your need to take legal action to protect your rights in this matter. No provision of the following statement modifies or removes your need to comply with local rules concerning the attached documents.

## **CONSUMER DISCLOSURE**

This communication is made in an attempt to collect on a debt or judgment and any information obtained will be used for that purpose. Please be advised that if you notify CIVIC HOLDINGS I TRUST, its successors and/or assignees' attorneys in writing within 30 days of receipt of this letter that all or a part of your obligation or judgment to CIVIC HOLDINGS I TRUST, its successors and/or assignees is disputed, then CIVIC HOLDINGS I TRUST, its successors and/or assignees' attorneys will mail to you a written verification of the obligations or judgment and the amounts owed to CIVIC HOLDINGS I TRUST, its successors and/or assignees. In addition and upon your written request within 30 days of receipt of this letter, I will provide you with the name and address of the original creditor, if different from the current creditor.

If I do not hear from you within 30 days of receipt of this letter, I will assume that your debt to CIVIC HOLDINGS I TRUST, its successors and/or assignees is valid. Please be advised that the creditor is not obligated to wait 30 days before taking legal action against you.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not

contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

ATTACHMENT "1"