DEVIN DERHAM-BURK #104353
CHAPTER 13 STANDING TRUSTEE
P O Box 50013
San Jose, CA 95150-0013

Telephone: (408) 354-4413
Facsimile:  (408) 354-5513

Trustee for Debtor(s)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

In re:

LILIA CHAVEZ

Debtor(s)

Chapter 13
Case No.  17-51958 MEH

**SECOND AMENDED** TRUSTEE'S OBJECTION TO CONFIRMATION WITH CERTIFICATE OF SERVICE

Continued 341 Meeting Date & Time: January 8, 2018 at 11:30 a.m.

Confirmation Date: N/A – Trustee's Pending List

Judge:  M. Elaine Hammond

Devin Derham-Burk, Trustee in the above matter, objects to the Confirmation of this Plan for the following reasons:

1. The Debtor has failed to comply with 11 U.S.C. §521(e)(2)(A)(i) and (B), in that she has not provided the Trustee with a copy of her 2016 federal income tax return and state tax return.  Additionally, the Debtor must provide copies of her 2016 W-2 wage and tax statements.  Until the Debtor provides the requested information, the Trustee is unable to perform her duties under 11 U.S.C. §1302(b)(1) (incorporating 11 U.S.C. §704(a)(4) and is unable to recommend confirmation.

//

2. In order to assist the Trustee in determining whether the disposable income test in 11 U.S.C. §1325(b)(1)(B) and/or the feasibility test in 11 U.S.C. §1325(a)(6) is met, the Trustee requests that the Debtor provide her with a copy of each federal and state income tax return and W-2 form required under applicable law with respect to each tax year of the Debtor's ending while the case is pending confirmation. The tax return shall be provided to her at the same time it is filed with the taxing authority.

3. The Trustee is unable to determine whether the First Amended Chapter 13 Plan meets the feasibility test in 11 U.S.C. §1325(a)(6) because the Plan payments substantially increase during the pendency of the case. The Trustee requests that the Debtor file a declaration, signed under penalty of perjury, which explains how the increased Plan payments will be funded.

4. The Debtor has not complied with Fed. R. Bankr.P. 2002 and 11 U.S.C. §342(a) in that she failed to file a certificate of service indicating notice of the Amended Voluntary Petition filed October 12, 2017 [Docket #37] on all creditors.

5. The Debtor has not complied with 11 U.S.C. §342(a) in that the Debtor has failed to provide a Certificate of Service showing that all creditors have received notice of the First Amended Chapter 13 Plan filed on October 12, 2017 [Docket #47].

6. The Debtor has not complied with Fed. R. Bankr.P. 1005 and 11 U.S.C. §301(a) in that the Debtor has omitted all other names used in the last 8 (eight) years under Part 1 of the Amended Voluntary Petition filed on October 12, 2017 [Docket #37].

7. The Trustee is unable to determine if the First Amended Chapter 13 Plan is in compliance with 11 U.S.C. §1325(a)(4). The Trustee has filed an Objection to Debtor's Claim of Exemptions which must be resolved prior to the Trustee recommending confirmation. If

the objection to exemption is not resolved within sixty (60) days, a hearing will be set pursuant to B.L.R. 9014-1(c)(1).

8. The proposed First Amended Chapter 13 Plan contains Additional Provisions. Until these provisions are approved by the court, the Trustee is unable to recommend confirmation.

9. The Trustee is unable to determine if the First Amended Chapter 13 Plan is in compliance with 11 U.S.C. §1325(a)(5). Section 5. Additional Provisions states, in part, "5.03 Debtor intends to refinance the debt owed to OCRE Investment Fund 1 LLC. If the Debtor is unable to refinance the debt owed to this Creditor, Debtor will sell 316 Maze Blvd., Modesto, CA 95351 within 18 months of the filing of the case. 5.04 Debtor intends to refinance the debt owed to Sherwood Investments. If the Debtor is unable to refinance the loan, the Debtor will sell 1347 Harris Ave., Modesto CA 95351 within 18 months of the filing of this case." The language does not provide the details necessary for the Trustee to be the disbursing agent on the claims. In order for the Trustee to disburse on these claims, the Debtor must provide for the above mentioned creditors in Section 2.04 of the Plan.

10. Pursuant to the Order on Motion for Relief from Automatic Stay and for Adequate Protection filed by Milestone Financial LLC on November 7, 2017 [Docket #60], an Amended Chapter 13 Plan must be filed to remove the following language from Section 5. Additional Provisions; "5.02 With regards to Milestone Financial LLC, Debtor intends to sell 322 Pine St., Modesto, CA 95351 secured by Creditor in order to pay down the loan. Debtor intends to pay the remainder owed to Creditor by refinancing the rest of the loan with a new lender. If the Debtor is unable to refinance the remainder of the loan, then the Debtor will sell additional properties to pay off what remains."
//
//

Trustee's Objection to Confirmation–17-51958 MEH

3

Case: 17-51958    Doc# 77    Filed: 12/28/17    Entered: 12/28/17 14:51:34    Page 3 of 7

11. Pursuant to Debtor's testimony given at the continued Section 341 Meeting of Creditors, held on November 13, 2017, an Amended Schedule I and Amended Schedule J must be filed to list Debtor's gross monthly income and expenses for each real property listed on Schedule A/B. In addition, an attachment to Schedule I must be filed to list the monthly income and expenses for each real property listed on Schedule A/B.

12. The Trustee is unable to determine if the First Amended Chapter 13 Plan is in compliance with 11 U.S.C. §1325(a)(5). The Trustee is in receipt of a proof of claim filed by Civic Holdings I Trust on November 9, 2017 [Court claim #4-1] for arrears owed on real property located at 502 Maze Blvd Modesto, CA account #xxx3565 in the amount of $2,590.92. It appears that the arrears owed have been omitted from Section 2.04 of the First Amended Chapter 13 Plan. An Amended Plan must be filed. In addition, Debtor must provide a certificate of service showing Civic Holdings I Trust has received notice of the Amended Chapter 13 Plan.

13. The Trustee is unable to determine if the First Amended Chapter 13 Plan is in compliance with 11 U.S.C. §1325(a)(5). The Trustee is in receipt of a proof of claim filed by FCI Lenders Services Inc on December 6, 2017 [Court claim #9-1] for arrears owed on real property located at 316 Maze Blvd Modesto, CA account #xxx8717 in the amount of $1,868.51. Debtor has failed to list FCI Lenders Services Inc account #xxx8717 on the Amended Schedule D filed on October 12, 2017 [Docket #40], and has failed to list FCI Lenders Services Inc in Section 2.04 of the First Amended Chapter 13 Plan. An Amended Schedule D and Amended Chapter 13 Plan must be filed. In addition, Debtor must provide a certificate of service showing FCI Lenders Services Inc has received notice of the Amended Chapter 13 Plan.

//
//
//
//

14. On the original Schedule A/B filed with the Voluntary Petition on September 13, 2017 [Docket #22], Debtor listed a lawsuit for 'unethical real estate lender practices' with a value of $50,000.00 however; Debtor has omitted said asset from Part 3 question #33 of the Amended Schedule A/B filed on October 12, 2017 [Docket #39]. An Amended Schedule A/B must be filed to list the lawsuit for 'unethical real estate lender practices' valued at $50,000.00 under Part 4 question #33.

15. The Trustee is unable to determine whether the liquidation test in 11 U.S.C. §1325(a)(4) is met because the Debtor has omitted a lawsuit for 'unethical real estate lender practices' with a value of $50,000.00 from the Amended Schedule A/B filed on October 12, 2017 [Docket #39]. In order to monitor whether the Debtor actually collects any money on this lawsuit during the pendency of the case, the Trustee requests that the Debtor include the following language as an Additional Provision to the plan:

"The Debtor will provide the Trustee with a declaration signed under penalty of perjury which includes the following information: 1) the amount of money collected on the lawsuit, 2) date(s) the money was received, 3) balance owed on the lawsuit, including interest, 4) dates and amounts of future payments to be received on the lawsuit. The declaration shall be provided to the Trustee on January 30, 2018 and annually thereafter during the pendency of the case."

//
//
//
//
//
//
//
//
//

16. The Debtor has failed to appear and/or submit to examination under oath at the meeting of creditors under 11 U.S.C. §341(a).  Without conducting this examination, the Trustee is unable to adequately investigate the Debtor's financial affairs as she is required to do pursuant to 11 U.S.C. §1302(b)(1) (incorporating 11 U.S.C. §704(a)(4)).  In addition, until the Debtor is examined by the Trustee, she is unable to recommend confirmation of the Debtor's plan.  The Trustee requests that the Debtor appear at a rescheduled meeting of creditors.

Dated: December 28, 2017                    /S/ Devin Derham-Burk
                                            _____
                                            Chapter 13 Trustee

**CERTIFICATE OF SERVICE BY MAIL**

I declare that I am over the age of 18 years, not a party to the within cause; my business address is 983 University Ave. C-100, Los Gatos, California 95032. I served a copy of the within Trustee's Second Amended Objection to Confirmation by placing same in an envelope in the U.S. Mail at Los Gatos, California on December 28, 2017.

Said envelopes were addressed as follows:

| | |
|---|---|
| LILIA CHAVEZ<br>1025 KITCHENER CIR<br>SAN JOSE, CA 95121 | PAUL S SEABROOK<br>SEABROOK LAW OFFICES<br>2055 JUNCTION AVE #138<br>SAN JOSE, CA 95131 |

/S/ Erin Chew
Office of Devin Derham-Burk, Trustee

Trustee's Objection to Confirmation–17-51958 MEH

7