Matthew Mellen (Bar No. 233350)
MELLEN LAW FIRM
One Embarcadero Center, Fifth Floor
San Francisco, CA 94611
Telephone: (415) 315-1653
Facsimile: (415) 276-1902

Attorney for Plaintiff,
LILIA CHAVEZ

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – BANKRUPTCY DIVISION

| | |
|---|---|
| In re LILIA CHAVEZ,<br><br>    Debtor. | Case No.: 17-51958<br><br>Ch. 13<br><br>[Assigned to Hon. M. Elaine Hammond]<br><br>SUPPLEMENTAL DECLARATION OF LILIA CHAVEZ IN RESPONSE TO OPPOSITION TO MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION FOR RELIEF FROM STAY<br><br>Date:    January 19, 2018<br>Time:   10:00 a.m.<br>Ctrm.:   3020 |

January 16, 2017

To whom it may concern,

I Lilia Chavez am the Debtor in this action.

I generally collected rents for the subject properties between the first and tenth of each month. Not each tenant pays rent on the same day. My understanding was that my mortgage payment came due on the first of each month and late after the fifteenth, therefore giving me a fifteen-day grace period. Generally, I would send my payment some time before the fifteenth of each month once I had collected enough rent to do so.

Milestone Financial has always been aware that I used these properties as rental properties. Therefore an " Assignment of Rents" was incorporated into my loan. This consolidated loan that came about in 2015, resulted from the combination of three loans that Milestone already held on three of the subject properties. I originally purchased the homes as investment rental properties which Milestone Financial financed. At this time, I had a loan on 1324 Ritsch Lane which was due to mature with another lender therefore I asked Will Stuart if he would be willing to add that property to the loan which he agreed to do.

When I began discussions with Milestone in late 2014 to establish the consolidated loan, I personally met with Will Stuart and Zoe Hamilton at Milestones office in Los Altos. We discussed the loan and repayment. Mr. Stuart initially wanted me to have the tenants send their rent payments directly to Milestone, so they could be applied to the payment, even though the rents collected would far exceed the mortgage payment amount. I explained that this would prove to be a problem because I also paid the utilities for the properties in addition to the mortgage payment out of the rent proceeds. Mr. Stuart agreed to allow me to collect the rent and mail the mortgage payments myself. At no time during this discussion or thereafter has Milestone ever objected to the properties being used as rental properties verbally, in writing or otherwise.

The only email I received from Will Stuart came on December 4, 2017 at 1:44pm. It was marked urgent and addressed a payment needed for the 1004 Panama policy. I responded to him that this policy had already been paid and that I would call my agent. He responded to my response with "already did". I immediately called my agent who confirmed that the policy was fine since I had made payment on Friday December 1, 2017.

I do not recall receiving any email on December 1st regarding the payment. Milestone knew that I pay the payment with the rents collected for the perspective month, for example December payment would be made with December rents collected. At no time during the loan have I ever made the payment on the 1st of each month. Milestones payments cannot be made electronically on any website. Rather they must be mailed into their servicing company, therefore even if I had collected enough rent on December 1st to make the payment, mailing time would have to be accounted for.

Thank you